IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CARL E. WOODWARD, LLC** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:07CV681** |
| | § | |
| **COURTHOUSE LTD PTNRSHP,** | § | |
| **CARLENE ALFONSO and** | § | |
| **WALTER KETCHINGS** | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER TO REMAND CASE
## TO THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

THIS MATTER COMES BEFORE THE COURT upon the Plaintiff's Motion to Remand [4]. The Defendants have filed a response.  After due consideration of the pleadings, briefs and arguments of counsel and the relevant legal authorities, the Court finds that it does not have jurisdiction of this cause, and it should therefore be remanded to the Circuit Court of Jackson County, Mississippi.

DISCUSSION

This is a contract dispute in which the parties are alleged to be diverse.  Pl. Compl. 1. Plaintiff, a citizen of the State of Louisiana, filed suit in Jackson County, Mississippi against Defendants, all citizens of the State of Mississippi.  The Defendants thereafter removed the case to this Court.  Removal is proper "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).[1]  The propriety of removal is determined by examining plaintiff's pleadings as they stand at the time the petition for removal is filed.  *In Re Carter,* 618 F.2d 1093 (5th Cir. 1980).

---

[1] 28 U.S. C. § 1441(b) states in its entirety:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

An examination of the state court petition at issue here reveals that at the time of removal, the causes of action alleged were state law claims - breach of contract and enforcement of construction lien. Neither of these claims presents a federal question. Consequently, because Defendants are citizens of Mississippi - the State in which the action was brought - they are not entitled to remove this case to federal court. 28 U.S.C. § 1441(b). This statutory right would attach only if Plaintiff's state court petition had pled a substantial federal question. *Id.*; *Walsh v. Seagull Energy Corp.*, 836 F.Supp. 411, 417 (S.D. Tex. 1993). The removal statute is to be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *In re Red-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). The Court therefore finds that this case was improperly removed pursuant to 28 U.S.C. § 1441 and should be remanded to the Circuit Court of Jackson County, Mississippi.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the above styled and numbered cause should be, and is hereby **REMANDED TO THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI** pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. 1447(c).

**SO ORDERED AND ADJUDGED** this the 25th day of September, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE